UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TYRONE TOWNSELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:19-cv-04240-SEB-TAB |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**Order Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

For the reasons discussed in this Order, the motion of Tyrone Townsell for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

### I. Legal Standard

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013).

## II. Factual Background

The facts of Townsell's criminal conduct, as provided in Townsell's presentence investigation report, are as follows.

> On September 14, 2015, [Townsell], Maurice Greer, and Christopher Davis traveled to Kokomo, Indiana, in Davis' vehicle, with the intention of robbing a Walmart located at 1920 E. Markland Avenue in Kokomo.
>
> At approximately 3:00 AM, [Townsell] and Greer, armed with a .38 caliber revolver, entered the Walmart. Davis, the designated get-away driver, remained in the parking lot. First, [Townsell] and Greet obtained a rolling suitcase from the store's floor inventory. They proceeded to the front of the store, and Greet brandished a large frame revolver at a Walmart employee. They then forced the employee to open the door to the store's cash room. Once inside the cash room, they restrained the employee with zip-ties. Approximately $90,000 was placed into the suitcase and taken from the store.
>
> [Townsell] and Greer got into Davis' vehicle and returned to Indianapolis. The three of them went to Davis' apartment and, with the help of Davis' wife, Fontella Pearson, counted and divided the money amongst themselves.
>
> At approximately 9:00 AM on September 14, 2015, Davis' vehicle was located in Indianapolis by law enforcement. A traffic stop was conducted, and all three men were in the vehicle. A Walmart bag containing cash, as well as a firearm, were located in the vehicle.

*United States v. Williams*, 1:15-cr-00184-SEB-MJD-3 (hereinafter "Crim. Dkt."), dkt. 228 at 5. On September 15, 2015, an indictment (the "Indictment") was filed against Townsell, charging him and his co-defendants with interstate commerce by robbery, in violation of 18 U.S.C. §§ U.S.C. 1951(a) and 2 (Count 1), and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 (Count 2). Crim. Dkt. 1. Three days later, Richard Ford appeared as court-appointed counsel for Townsell. Crim Dkt. 21.

On September 6, 2016, Townsell entered into a plea agreement and agreed to plead guilty to the charges in the Indictment. *See* Crim. Dkt. 154. Both parties agreed and stipulated to a factual basis that supported a conviction for the charges. *Id*. at 11-13. The parties did not agree to a specific

sentence or term of supervised release. *See id.* at 6-8. Townsell agreed to waive his right to appeal his conviction and sentence. *Id.* at 9-10. Townsell further agreed not to contest or seek to modify his conviction or sentence or the manner in which they were determined in any later legal proceeding, including but not limited to an action brought under 28 U.S.C. § 2255. *Id.* at 10.

The Court held Townsell's change of plea hearing on September 20, 2016. Prior to the change of plea hearing, Ford filed a motion to substitute attorney for the hearing due to his recent knee replacement surgery. Crim Dkt. 156. The Court granted the motion and appointed Andrew Borland as substitute counsel for the hearing. Crim. Dkt. 162. During the hearing, the Court asked Townsell if he understood that Borland was appearing on the defendant's behalf due to Ford's recent knee surgery. Crim Dkt. 405 at 4. Townsell confirmed that he understood and agreed to Borland's representation. *Id.* At the hearing, Townsell entered a plea of guilty pursuant to his plea agreement, which the Court accepted. Crim Dkt. 161.

On June 7, 2018, the Court held Townsell's sentencing hearing. Crim. Dkt. 362. Although Ford had originally intended to argue that Townsell was not a career offender, Ford subsequently agreed with the Court that Townsell's Iowa conviction was qualifying. *See* Dkt. 408 at 7-8 ("Subsequent to that point in time, I am convinced at this point in time that the law is currently that that conviction out of Iowa would be a qualifying conviction for the purposes of career offender."). In light of Townsell's assistance at the trial of his co-defendants, the United States recommended a 210-month sentence, representing a four-level guideline reduction. *Id.* at 9-10. The Court sentenced Townsell to 188 months' imprisonment, followed by three years of supervised release. *Id.* at 41.

On June 21, 2018, Townsell filed an appeal. Crim Dkt. 382. On October 5, 2018, Townsell's appellate counsel filed a motion to dismiss the appeal, which was granted. Crim Dkt. 420. On October 16, 2019, Townsell filed the presently pending § 2255 petition. Dkt. 1.

### III. Discussion

A petitioner claiming ineffective assistance of counsel bears the burden of showing (1) that trial counsel performed deficiently and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *Delatorre v. United States*, 847 F.3d 837, 844 (7th Cir. 2017). If a petitioner cannot establish one of the *Strickland* prongs, the Court need not consider the other. *Groves v. United States*, 755 F.3d 588, 591 (7th Cir. 2014).

The right to effective assistance of counsel "extends to the plea-bargaining process." *Lafler v. Cooper*, 566 U.S. 156, 162 (2012). The *Strickland* two-part test "applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). The performance inquiry requires the petitioner to show that counsel's representation fell below an objective standard of reasonableness. *Lafler*, 566 U.S. at 163. To establish prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (internal quotation marks and citation omitted).

In his petition, Townsell raises two grounds for ineffective assistance of counsel: (1) that his counsel was ineffective for failing to attend the initial appearance on the superseding indictment or the change of plea hearing, and (2) that his counsel failed to challenge his career offender designation. *See* dkt. 2 at 6-7. Townsell also argues that his guilty plea was not knowing and voluntary. The Court will consider each argument in turn.

### A. Substitution of Counsel

First, Townsell argues that Ford was ineffective for failing to attend the initial appearance on his superseding indictment on December 15, 2015 and his change of plea hearing on September 20, 2016. The Court disagrees.

Townsell was represented by counsel at both proceedings, specifically by Brent Westerfield at the initial appearance on Townsell's superseding indictment, and by Andrew Borland at the change of plea hearing while Ford was recovering from knee replacement surgery. Townsell expressly consented to Borland serving as substitute counsel at the change of plea hearing during the following inquiry by the Court:

> THE COURT: You understand that we have allowed Mr. Borland to appear on your behalf –
>
> [TOWNSELL]: Yes, ma'am.
>
> THE COURT: -- because Mr. Ford had his knee replacement surgery?
>
> [TOWNSELL]: Yes.
>
> THE COURT: Is that agreeable to you?
>
> [TOWNSELL]: Yes, it is.

Dkt. 405 at 4. To the extent that Townsell now argues that he is entitled to relief because he was "abandoned" or denied counsel at any "critical stage of his trial," dkt. 2 at 1-2, the Court finds his assertion inaccurate. At all stages of his case, Townsell was represented by appointed counsel. Furthermore, Townsell does not argue that either Westerfield's or Borland's performances were deficient such that their substitute representation would constitute ineffective assistance of counsel.

Accordingly, because Townsell cannot show that his counsel's performance was deficient, he is not entitled to relief on that ground. *See Groves*, 755 F.3d at 591 ("If [a petitioner] is unable

to make a sufficient showing of one of the *Strickland* prongs, [the Court] need not consider the other.") (citing *Strickland*, 466 U.S. at 697).

### B. Career Offender Enhancement

Townsell also argues that Ford was ineffective for failing to object to Townsell's criminal history category and seek a downward departure based on his criminal history. *See* dkt. 2 at 7-10. For the reasons below, this argument is likewise without merit.

A defendant is classified as a career offender under the Sentencing Guidelines and subject to an increased offense level if: (1) he is at least eighteen years old at the time of the offense of conviction; (2) the offense of conviction is a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1 (1998). The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that

> (1) has an element the use, attempted use, or threatened use of physical force against the person of another, or
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a) (2008).

Here, the record reflects that Ford adequately preserved the challenge to the Iowa conviction and ultimately decided not to persist in arguing that the Iowa conviction was not qualifying because that challenge was without merit. At the sentencing hearing, Ford had the following exchange with the Court:

> MR. FORD: Judge, with regard to all of the objections that were raised, I was in most instances persuaded by the probation officer's response with regard to the objection dealing with the career offender situation. That objection was posed back in 2016 as a result of the current status of the law at that time, and lots of decisions that were coming out, I needed to protect the record.

>THE COURT: Of course.
>
>MR. FORD: Subsequent to that point in time, I am convinced at this point in time that the law is currently that that conviction out of Iowa would be a qualifying conviction for the purposes of career offender.
>
>THE COURT: Okay. I know you to be a good and astute lawyer, and so you did the right thing to preserve your legal argument, but your analysis that has occurred and the conclusion you've reached conforms to mine as well. That's what the probation officer has put forward too. So there are no issues that remain that I need to rule on; is that true?
>
>MR. FORD: That is correct, Your Honor.

Dkt. 408 at 7-8.

As the above exchange makes clear, the Court concluded through its independent analysis that the Iowa conviction was a qualifying conviction, and thus any attempt by Ford to persist in arguing against a career offender enhancement would have been futile. *Faucett v. United States*, 872 F.3d 506, 512 (7th Cir. 2017) ("Refraining from a meritless sentencing argument cannot be characterized as objectively unreasonable."). Therefore, since any continued objection would have been overruled as meritless, Ford was not constitutionally deficient for not continuing to object. *See Lambert v. McBride*, 365 F.3d 557, 564 (7th Cir. 2004) (finding no deficient performance where the proposed objection would have been overruled if made). *See also Northern v. Boatwright*, 594 F.3d 555, 561 (7th Cir. 2010) ("[O]bviously, an attorney is not constitutionally deficient for failing to lodge a meritless objection."). Because Townsell's counsel was not deficient, Townsell is not entitled to relief on this ground. *Groves*, 755 F.3d at 591.

### C. Knowing and Voluntary

Finally, to the extent that Townsell argues that his plea was not knowing or voluntary, the Court finds his argument without merit. Townsell's contention that he was manipulated into entering a plea agreement "is belied by his own statements at the change of plea hearing, which

are presumed truthful." *Bridgeman v. United States*, 229 F.3d 589, 592 (7th Cir. 2000); *see Hurlow v. United States*, 726 F.3d 958, 968 (7th Cir. 2013) ("[R]epresentations made to a court during a plea colloquy are presumed to be true.") (citation and internal quotation marks omitted); *Nunez v. United States*, 495 F.3d 544, 546 (7th Cir. 2007) ("Defendants cannot obtain relief by the expedient of contradicting statements freely made under oath, unless there is a compelling reason for the disparity."), *judgment vacated and remanded on other grounds*, 554 U.S. 911 (2008).

During the change of plea hearing, the Court reviewed the charge, the penalties Mr. Townsell faced, and the terms of the plea agreement. Crim Dkt. 405 at 3-13. Mr. Townsell responded that he understood. *Id*. at 13. The Court then inquired and confirmed that Mr. Townsell was satisfied with his representation and was pleading guilty of his free will, free from coercion or any promises or assurances other than what was contained in the plea agreement. *Id*. at 13-14, 20.

Townsell fails to provide a compelling reason why the statements he made to the Court are now false. Despite several opportunities to do so during the change of plea hearing, Townsell never objected to the plea agreement, never informed the Court he was dissatisfied with his attorney, never asserted that he was being coerced. Rather, he stated that he was pleading guilty of his own free will, having understood his charge and the potential sentencing, and that he was fully satisfied with his attorneys' assistance. His statements to the Court are given a "strong presumption of verity," *United States v. Silva*, 122 F.3d 412, 415 (7th Cir. 1997) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)), because "when the judge credits the defendant's statements in open court, the game is over," *United States v. Stewart*, 198 F.3d 984, 987 (7th Cir. 1999). "[A] defendant has no chance of success on appeal when the judge elects to treat freely

given sworn statements as conclusive. Entry of a plea is not some empty ceremony, and statements made to a federal judge in open court are not trifles that defendants may elect to disregard." *Id.*

Without more, Townsell cannot now allege that his statements in court were lies. Accordingly, Townsell's allegation that his attorney manipulated him into taking the plea agreement must also be rejected.

## IV. Conclusion

For the reasons explained in this Order, Townsell is not entitled to relief on his § 2255 motion. He did not receive ineffective assistance of counsel, and his plea agreement was knowing and voluntary. Accordingly, his motion for relief pursuant to § 2255 is **denied** and this action is **dismissed with prejudice**. Judgment consistent with this Order shall now issue and the clerk **shall docket a copy of this Order in 1:15-cr-00184-SEB-MJD-3.** The motion to vacate, Crim. Dkt. [440], shall also be **terminated** in the underlying criminal action.

## V. Denial of Certificate of Appealability

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition. Rather, he must first request a certificate of appealability. *See Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 Proceedings, and 28 U.S.C. § 2253(c), the Court finds that Townsell has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of

a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 6/7/2021

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

TYRONE TOWNSELL
12946-028
JESUP - FCI
JESUP FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
2680 301 SOUTH
JESUP, GA 31599